Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
Matthew.rollin@sriplaw.com

Counsel for Plaintiff
Viral DRM LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRAL DRM LLC, | CASE NO.: 5:24-cv-06854-BLF |
| Plaintiff, | **PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AND INCORPORATED MEMORANDUM OF LAW** |
| v. | |
| AURELIEN JARDIN and SOCIETE EDITRICE DU MONDE, | |
| Defendant. | |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiff Viral DRM, LLC ("Viral DRM" or "Plaintiff") hereby requests this Court for an order authorizing alternate service of process on Defendants AURELIEN JARDIN ("Jardin") and SOCIETE EDITRICE DU MONDE ("Monde") (collectively referred to herein as "Defendants") who do not reside in the United States, but instead reside in France.

This application is made on the grounds that: Alternate service by e-mail and by posting on a designated website are appropriate and necessary in this case, because Defendants (1) operate via the Internet, and (2) rely on electronic communications to operate their business. As such, Plaintiff has

the ability to contact Defendants directly and provide notice of Plaintiff's claims against them electronically via e-mail.

This application will be based on this Notice of Application, Memorandum of Points and Authorities, and the Declaration of Matthew Rollin filed herewith.

DATED: November 4, 2024      */s/ Matthew L. Rollin*
MATTHEW L. ROLLIN
**SRIPLAW, P.A.**
Attorneys for Plaintiff Viral DRM LLC

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS .............................................................................................. 2

III. ARGUMENT .................................................................................................................. 3

   A. The Court May Authorize Service via Electronic Mail and Website Posting Pursuant to Federal Rule of Civil Procedure 4(f)(3). .................................................................................. 3

   B. Service of Process Via Electronic Means Are Not Prohibited by International Agreement. ... 7

   C. Service by WhatsApp is Reasonably Calculated to Reach the Defendant. ............................. 8

IV. CONCLUSION ............................................................................................................... 8

# TABLE OF AUTHORITIES

**SUPREME COURT OPINIONS** PAGE(S)

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
    339 U.S. 306 (1950) .................................................................................................... 4

**FEDERAL COURT OPINIONS**

*Broadfoot v. Diaz* (*In re Int'l Telemedia Assocs.*),
    245 B.R. 713 (Bankr. N.D. Ga. 2000) ...................................................................... 4, 5

*Browne v. Donalds*,
    2023 U.S. Dist. LEXIS 126736 (C.D. Cal. Apr. 13, 2023) ........................................... 7

*Chanel, Inc. v. Zhong Zhibing*,
    2010 WL 1009981 (W.D. Tenn. Mar. 17, 2010) .......................................................... 6

*Doe v. Hyassat*,
    337 F.R.D. 12 (S.D.N.Y. 2020) ..................................................................................... 8

*Gurung v. Malhotra*,
    279 F.R.D. 215 (S.D.N.Y. 2011) ................................................................................... 7

*In re Bibox Grp. Holdings Secs. Litig.*,
    2020 WL 4586819 (S.D.N.Y. Aug. 10, 2020) ............................................................... 8

*In re Terrorist Attacks on September 11, 2001*,
    2023 U.S. Dist. LEXIS 66886 (S.D.N.Y. Apr. 17, 2023) .............................................. 8

*Keck v. Alibaba.com, Inc.*,
    2018 U.S. Dist. LEXIS 128396, 2018 WL 3632160 ..................................................... 3

*Kumar v. Alhunaif*,
    2023 U.S. Dist. LEXIS 220205 (S.D.N.Y. Dec. 8, 2023) ............................................. 8

*Lamm ex rel. Doherty v. Bumbo, Bumbo Ltd.*,
    2008 WL 2095770 (N.D. Cal. May 14, 2008) .............................................................. 3

*Maxwell v. Chetouane*,
    2014 U.S. Dist. LEXIS 128210 (N.D. Cal. Sept. 12, 2014) .......................................... 4

*Mesa Underwriters Specialty Ins. Co. v. Hulett*,
    2022 U.S. Dist. LEXIS 111144 (C.D. Cal. May 19, 2022) ........................................... 8

*NASCAR v. Doe*,
    584 F. Supp. 2d 824 (W.D.N.C. 2008) .................................................................... 64, 6

*Popular Enters., L.L.C. v. Webcom Media Grp., Inc.*,
    225 F.R.D. 560 (E.D. Tenn. 2004) ................................................................................ 5

*Rio Props. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) .................................................................................... 3, 54, 5

*Technology Co.*,
   480 F. Supp. 3d 977 (N.D. Cal. Aug. 19, 2020) .................................................................. 7

*WhosHere, Inc. v. Orun, Case No. 13-cv-00526-AJT*,
   2014 U.S. Dist. LEXIS 22084 (E.D. Va. Feb. 20, 2014) ..................................................... 7-8

## **RULES**

Fed. R. Civ. P. 4 .................................................................................................................. *passim*

Plaintiff VIRAL DRM LLC by and through undersigned counsel, hereby moves this Court for an order authorizing alternate service of process on Jardin and Monde, and in support thereof states as follows:

## I. INTRODUCTION

Plaintiff, Viral DRM, LLC, is a syndicator of award-winning videographic content created by talented videographers who travel around the globe in pursuit of Mother Nature's wrath. Plaintiff's videographers and photographers cover weather extremes from tornadoes, hurricanes, flooding, blizzards, volcanoes, and climate change impacts.

Defendants are foreign YouTube uploaders who operate a popular and financially lucrative YouTube channel. Defendants are physically located outside the United States living in a country with lax copyright protection and weak legal regimes. Defendants downloaded copies of plaintiff's copyrighted videographic works from the internet and then uploaded plaintiff's works to their YouTube channel where they placed advertising on plaintiff's videos to earn advertising revenue, grow their YouTube channel subscriber base, and engage in other money-making business activities using plaintiff's copyrighted media content.

Defendants are knowingly and intentionally promoting, advertising, displaying, and distributing plaintiff's registered copyrighted works within this district and throughout the United States.

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests an order authorizing service of process on Jardin and Monde via electronic mail and via website posting.

Alternate service by e-mail and by posting on a designated website are appropriate and necessary in this case, because defendants (1) operate via the Internet, and (2) rely on electronic communications to operate their businesses. As such, plaintiff has the ability to contact defendants directly and provide notice of plaintiff's claims against him electronically via e-mail.

Additionally, plaintiff has created a website and will be posting copies of the complaint, this instant motion, and all other documents filed in this action.

Plaintiff respectfully submits that an order allowing service of process, and service of all filings, via e-mail and by posting on a designated website in this case will benefit all parties and the

1

Court by ensuring defendants receive immediate notice of the pendency of this action and allowing this action to move forward expeditiously.

Absent the ability to serve defendants by e-mail and/or by website posting, plaintiff will almost certainly be left without the ability to pursue a remedy.

## II.    STATEMENT OF FACTS

1. Jardin and Monde operate an extremely popular and valuable YouTube channel with 1.33 million subscribers and numerous videos. It is believed Defendants earn significant revenue from the display of pirated video content.

2. As a practical matter, it is necessary for a defendant who operates entirely online to maintain a valid electronic means of communication. It is necessary for Jardin and Monde, who operate entirely online, to provide Google with a valid electronic means to contact them. Jardin and Monde must maintain at least one accurate e-mail address in order to communicate with Google, receive notice of DMCA takedowns, submit counternotices, receive payment advices, and communicate with YouTube concerning their YouTube channel. (Rollin Decl. ¶ 4).

3. Plaintiff has created a website that appears at the URL www.sriplaw.com/notice ("Plaintiff's Website"), such that anyone accessing Plaintiff's Website will find copies of all documents filed in this action. (Rollin Decl. ¶ 7).

4. According to Defendant's Counternotice, Jardin and Monde reside and/or operate from France. I reviewed the Hague Convention on the Service Abroad of Judicial and Extra- Judicial Documents in Civil and Commercial Matters ("Hague Convention") and its website maintained here: https://www.hcch.net/en/home.

5. France is a party to the Hague Convention: https://www.hcch.net/en/states/authorities/details3/?aid=256. France has not opposed the service of documents in their territory by the alternative means of service outlined in Article 10 of the Hague Convention, including the service of process by postal channels. The Hague Convention does not preclude service by e-mail or website publication, and the declarations to the Hague Convention filed by France do not expressly prohibit e-mail service or service by website publication. (Rollin Decl. ¶ 6).

2

MOTION FOR ALTERNATIVE SERVICE                                          CASE NO. 5:24-CV-06854-BLF

## III. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a foreign partnership or other unincorporated association may be served with process in any manner prescribed by Rule 4(f) for serving foreign individuals. Federal Rule of Civil Procedure 4(f)(3) allows a district court to authorize an alternate method for service to be effected upon a foreign defendant, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant. In the present matter, alternate service of process via e-mail and by posting on Plaintiff's Website are appropriate given that defendants have established an Internet-based business by which they rely on electronic communications for their operation. Accordingly, this Court should permit service on defendants by e-mail and website posting.

### A. The Court May Authorize Service via Electronic Mail and Website Posting Pursuant to Federal Rule of Civil Procedure 4(f)(3).

Federal Rule of Civil Procedure 4(h)(2) allows a foreign business entity to be served with process "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3). *Lamm ex rel. Doherty v. Bumbo, Bumbo Ltd.*, Nos. C 07-040807 MHP, C 07-05597 MHP, 2008 WL 2095770 (N.D. Cal. May 14, 2008).

Federal Rule of Civil Procedure 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court. *Id.* at *11.

In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country. *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the District Court. *Rio Props.,* 284 F.3d at 1116; *Keck v. Alibaba.com, Inc.*, No. 17-CV-05672-BLF, 2018 U.S. Dist. LEXIS 128396, 2018 WL 3632160, at *4 (N.D. Cal. July 31, 2018) ("The decision to provide an order under Rule 4(f)(3) is within the sound discretion of the district court, which must determine whether the 'particularities and necessities of a given case require alternative service of process'" quoting *Rio Props.*)

Rule 4 does not require a party attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under subsection 4(f)(3). *Rio Props.*, 284 F.3d at 1114-15.

Additionally, the Constitution itself does not mandate that service be effectuated in any particular way. Rather, constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950)); *Rio Props.,* 284 F.3d at 1016.

Federal courts have allowed a variety of alternative service methods, including service by e-mail and service by posting on a designated website, where a Plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a Defendant of the pendency of the action. See, e.g., *Rio Props.*, 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business Defendant "was constitutionally acceptable"); *In re Int'l Telemedia Assocs.*, 245 B.R. at 721 ("If any methods of communication can be reasonably calculated to provide a Defendant with real notice, surely those communication channels utilized and preferred by the Defendant himself must be included among them."); *NASCAR v. Doe*, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (in "acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for publication was [Plaintiff's website].").

Here, service on Jardin and Monde by e-mail and by posting on Plaintiff's website will satisfy due process by apprising them of the action and giving them the opportunity to answer plaintiff's claims. This Court has authorized email "to effectuate service pursuant to Rule 4(f)(3) where the plaintiff presents evidence that the email address is used by the defendant on whom service is sought." *Maxwell v. Chetouane*, No. C14-02643 HRL, 2014 U.S. Dist. LEXIS 128210, at *2 (N.D. Cal. Sep. 12, 2014). In the present case, Defendants must maintain accurate e-mail addresses in order to communicate with Google, receive notice of DMCA takedowns, submit counternotices, receive payment advices, and communicate with YouTube concerning their YouTube channel(s). Accordingly, Defendants provided their accurate email addresses as well as evidence of their recent use of these email addresses in the counternotices attached to the Complaint

at ECF 1-3; Ex. 3. Based upon plaintiff's investigation, Jardin and Monde's main form of electronic contact is via email, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with Jardin and Monde, and consequently, the most reliable means of providing Jardin and Monde with notice of this action. (Rollin Decl. ¶¶ 7-8).

Moreover, service by posting on Plaintiff's website will be an additional source of reliability as Jardin and Monde will be able to see copies of the complaint and all other documents in this matter electronically via their Internet browser. (Rollin Decl. ¶ 8).

E-mail service on an online business defendant is appropriate and constitutionally acceptable in a case such as this when a plaintiff has proven that e-mail is the most effective means of providing a defendant notice of the action. *See Rio Props.*, 284 F.3d at 1017 (concluding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the Defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the Defendant]."). *See also Popular Enters., L.L.C. v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon Defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts") (citation omitted).

The *Rio Properties* and *Popular Enters., LLC* courts each determined e-mail service to be appropriate in part because, as in this case, the Defendants conducted their business online, used e-mail regularly in their business, and encouraged parties to contact them via e-mail. *Id*. In cases that are factually similar to this one, a number of Courts have held that alternate forms of service pursuant to Rule 4(f)(3), such as e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." *Rio Properties*, 284 F.3d at 1018; *In re Int'l Telemedia Associates,* 245 B.R. at 722 ("A Defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such

5

gamesmanship by a party" (concluding e-mail and facsimile service to be appropriate)); *Chanel, Inc. v. Zhibing, Case No. 09-cv-02835*, 2010 WL 1009981, at *4 (W.D. Tenn. Mar. 17, 2010) (stating that e-mail service has the "greatest likelihood" of reaching e-commerce merchants and noting, "The federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages." Alternate service via e-mail granted).

Plaintiff submits that allowing e-mail service in the present case is appropriate and comports with constitutional notions of due process, particularly given Jardin and Monde's decision to conduct their illegal business using the Internet and utilizing e-mail as a primary means of communication.

Additionally, service of a Defendant by posting on a designated website has been deemed an appropriate means of service by posting. *NASCAR*, 584 F. Supp. 2d at 826. A proposed method of website posting need only be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *NASCAR*, 584 F. Supp. 2d at 826 (citing *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 315-16 (1950))).

In *NASCAR*, the United States District Court for the Western District of North Carolina determined that the Plaintiff could serve "Doe" Defendants and apprise those Defendants of a pending preliminary injunction hearing by posting on the Plaintiff's website. *Id*.

Plaintiff created a website that appears at the URL www.sriplaw.com/notice whereon copies of the complaint, this instant Motion, and all other pleadings, documents, and orders issued in this action will be posted. (Rollin Decl. ¶ 7). The address to Plaintiff's website will be provided to Jardin and Monde via their known e-mail accounts and will be included upon service of process in this matter. *Id.* Plaintiff respectfully submits that alternative service by posting the summonses and complaint on plaintiff's website would provide notice to defendants sufficient to meet the due process requirements for service of process pursuant to Federal Rule of Civil Procedure 4, apprise Jardin and Monde of the pendency of this action, and afford Jardin and Monde and any other interested parties an opportunity to present their answers and objections.

## B. Service of Process Via Electronic Means Are Not Prohibited by International Agreement.

Service via e-mail and via posting on a designated website are not prohibited by international agreement. Based upon the data provided in connection with Jardin and Monde's YouTube channel, Jardin and Monde reside and/or operate from France.

The United States and France are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention"). (Rollin Decl. ¶ 6). The Hague Service Convention does not preclude the Court from authorizing service of process via e-mail or posting on a designated website. *See Browne v. Donalds*, No. 2:21-cv-02840-AB-AFM, 2023 U.S. Dist. LEXIS 126736, at *13 (C.D. Cal. Apr. 13, 2023). As such, there are no international agreements prohibiting service by e-mail or posting on a designated website. (Rollin Decl. ¶ 6).

Alternative means of service, such as e-mail and website posting, are not prohibited by the Hague Service Convention where a signatory nation has not expressly objected to those means. *See Facebook, Inc. v. 9 Xiu Network (Shenzhen) Technology Co.*, 480 F. Supp. 3d 977 (N.D. Cal. Aug. 19, 2020). "A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means." *Id*. France has not objected to service by e-mail or Internet publication. Accordingly, service by these means does not violate an international agreement. *See* https://www.hcch.net/en/states/authorities/details3/?aid=256.

Article 10 to the Hague Service Convention allows service of process through means other than a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means. See Hague Convention, Art. 10, 20 U.S.T. 361 (1969).

"Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]." *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011); *WhosHere, Inc. v. Orun, Case No. 13-cv-00526-AJT*, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va.

Feb. 20, 2014) (authorizing e-mail service, noting objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10.").

France has not objected nor opposed the service of documents in their territory by the alternative means of service outlined in Article 10 of the Hague Convention, including the service of process by postal channels. The Hague Convention does not preclude service by e-mail or website publication, and the declarations to the Hague Convention filed by France do not expressly prohibit e-mail service or service by website publication. *See* https://www.hcch.net/en/states/authorities/details3/?aid=256; Rollin Decl. ¶ 6; *see also Mesa Underwriters Specialty Ins. Co. v. Hulett*, No. 2:21-cv-08284-MCS-KS, 2022 U.S. Dist. LEXIS 111144, at *5 (C.D. Cal. May 19, 2022) (granting plaintiff's motion for alternative service via email against a defendant residing in France).

### C. Service by WhatsApp is Reasonably Calculated to Reach the Defendant.

Courts have held that service via text message, WhatsApp messages and Facebook messages "acts as an additional backstop[]…." *See Kumar v. Alhunaif*, 2023 U.S. Dist. LEXIS 220205, at 9 (N.Y.S.D. Dec. 8, 2023). Courts also use social media, "as a backstop for service by other means." *Id.* at 10; *see also Doe v. Hyassat*. 337 F.R.D. 12, 15 (S.D.N.Y. 2020); *In re Terrorist Attacks on Sept. 11, 2011*, 2023 U.S. Dist. LEXIS 66886, at *3 (S.D.N.Y. Apr. 17, 2023); *In re Bibox Grp. Holdings Ltd. Secs. Litig.,* 2020 WL 4586819 (S.D.N.Y. Aug. 10, 2020).

Here, Plaintiff has determined that Defendant might have a WhatsApp account connected to the phone number provided by Defendant to Plaintiff in the counternotices submitted to Plaintiff's DMCA takedowns. (Rollin Decl. ¶¶ 10-11). Thus, Plaintiff requests attempted service by WhatsApp to act as an additional backup to email service.

### IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests this Court grant this motion and authorize service of the complaint, summonses, and all filings and discovery in this matter upon Jardin and Monde in this action:

(1) via e-mail by emailing via the e-mail address the Defendants used on their counternotice as supplied;

(2) by providing the address to Plaintiff's designated website to Jardin and Monde via WhatsApp to the phone number provided by them; and

(3) via website posting by posting a copy of the complaint, summonses, and all filings and discovery in this matter on plaintiff's website appearing at the URL www.sriplaw.com/notice.

DATED: November 4, 2024 Respectfully submitted,

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN
**SRIPLAW, P.A.**
*Counsel for Plaintiff Viral DRM LLC*