**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VIRAL DRM LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AURELIEN JARDIN, et al.,<br><br>　　　　　Defendants. | Case No.  24-cv-06854-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**<br><br>[Re: ECF 10] |

Before the Court is Plaintiff Viral DRM, LLC's ("Plaintiff") Motion for Alternative Service. ECF 10. For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Alternative Service.

**I.   BACKGROUND**

Plaintiff alleges Defendants Aurelien Jardin and Societe Editrice du Monde (collectively, "Defendants") operate the YouTube Channel LE HUFFPOST. ECF 1 at ¶ 25. Defendants are alleged to have "copied and downloaded Viral DRM's copyrighted Works from YouTube." *Id.* at ¶ 28. According to Plaintiff, Defendants did so "to advertise, market and promote their YouTube channel, grow their YouTube channel subscriber base, earn money from advertising to their YouTube subscribers, and engage in other money-making business activities using Viral DRM's copyrighted media content." *Id.* at ¶ 30. Viral DRM notified YouTube and Defendants of the allegedly infringing actions by Digital Millennium Copyright Act ("DMCA") notices. *Id.* at ¶ 46.

On November 4, 2024, Plaintiff filed the Motion for Alternative Service. ECF 10. According to Plaintiff, Defendants are based in France. ECF 10 at 2. Plaintiff requests permission

from the Court to serve process on Defendants by email and by website posting pursuant to Federal Rule of Civil Procedure 4(f)(3). ECF 10 at 1. Plaintiff also seeks leave to serve via WhatsApp messages as an additional backup. *Id.* at 8.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(f)(3), "[u]nless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." "As [is] obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Indeed, so long as service is court-directed and not prohibited by an international agreement, "service of process under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id.*

Even if facially permitted under Rule 4(f)(3), substitute service "must also comport with constitutional norms of due process." *Id.* at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## III.   DISCUSSION

### A.   Authorization Under Rule 4(f)(3)

The Court finds that the circumstances warrant alternative service. The party requesting alternate service must "demonstrate that the facts and circumstances of the present case necessitate[ ] the district court's intervention." *Rio Props., Inc.*, 284 F.3d at 1016. Here, Defendants are physically located outside of the United States and operate "entirely online." ECF 10 at 2. The

2

Court finds these circumstances make service under Rule 4(f)(3) appropriate. *See Rio Props.*, 284 F.3d at 1016 (holding district courts have discretion in "determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)").

Plaintiff seeks to effect service by email, by web posting and by WhatsApp. Those alternative means are not generally prohibited by international agreement. The Hague Service Convention governs because the United States and France are both parties to this multilateral treaty. *See* ECF 10 at 2; *see also* Hague Service Convention Status Table, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Nov. 21, 2024). The Hague Convention requires each signatory state to establish a central authority to receive requests for service of documents, and Article 10 permits service through other means if the destination state does not object. *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1508 (2017). France does not expressly objects to Article 10. *See* Hague Conference Authority: France - Central Authority & Practical Information, https://www.hcch.net/en/states/authorities/details3/?aid=256 (last visited Nov. 21, 2024). Accordingly, Plaintiff's service via email, web posting and WhatsApp is permitted. *See Water Splash*, 137 S. Ct. at 1508.

**B. Compliance with Due Process**

Even if facially permitted under Rule 4(f)(3), substituted service "must comport with constitutional norms of due process." *Rio Properties, Inc.*, 284 F.3d at 1014. Due process does not require actual notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Instead, the method of service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Plaintiff's service via email and web posting comports with due process. Here, Plaintiff has demonstrated that the email address listed for Defendant Aurelien Jardin– ajardin@vmmagazines.com–would serve the purposes of ensuring that the Defendants would have

adequate notice of this action and an opportunity to be heard. *See Rio Properties*, 284 F.3d at 1016-17 (finding service via email was "method most likely to reach" defendant and concluding district court did not abuse discretion in authorizing service via email). Plaintiff states that Defendants are required to maintain accurate email addresses to "communicate with Google, receive notice of DMCA takedowns, submit counternotices, receive payment advices, and communicate with YouTube concerning their YouTube channel." ECF 10 at 4. Plaintiff has presented evidence that Defendants have recently used the email address to submit counter notifications to YouTube with respect to the allegedly infringing actions. *See* ECF 1-3 at 6.

Plaintiff also seeks to serve Defendants by posting copies of the complaint and other legal documents related to this case on Plaintiff's website located at www.sriplaw.com/notice. ECF 10 at 6. Plaintiff's attorney, Mr. Matthew Rollin, declared under the penalty of perjury that Plaintiff would post all court papers on its website and email its website address to Defendants so that "Defendants can access all electronic filings." ECF 10-1, Rollin Decl., at ¶ 7. The Court finds that Plaintiff's proposed method of web posting is "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Nat'l Ass'n for Stock Car Auto Racing, Inc. v. Does,* 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (internal citation omitted). Thus, Plaintiff has presented evidence demonstrating service by email and by web posting is likely to reach Defendants and comply with due process. *See Rio Properties*, 284 F.3d at 1016-17.

The Court finds, however, Plaintiff's proposed service via WhatsApp message does not comport with due process. In the Motion for Alternative Service, Plaintiff explains that "Defendant *might* have a WhatsApp account connected to the phone number provided by Defendant to Plaintiff in the counternotices." ECF 10 at 8 (emphasis added). Plaintiff has not presented any evidence demonstrating that Defendants have a WhatsApp account, or Defendants could be reached via WhatsApp. At best, Plaintiff is speculating that Defendants have a WhatsApp account, but mere

4

speculation is not enough to prove Defendants can be "likely" reached via this means. *See Rio Properties*, 284 F.3d at 1016-17. Because Plaintiff has not made an adequate showing service by WhatsApp comports with due process, the Court DENIES Plaintiff's request to include WhatsApp as an additional backup to email service WITHOUT PREJUDICE.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

Plaintiff's Motion for Alternative Service is GRANTED to the extent it seeks to serve Defendants by email and by web posting, and DENIED WITHOUT PREJUDICE to the extent it seeks to include WhatsApp as a backup means of service. Plaintiff may serve the Complaint and Summons via email at ajardin@vmmagazines.com and publication on plaintiff's counsel's website at http://www.sriplaw.com/notice. Plaintiff shall file proof of service within 10 days of email service. Service will be deemed effective as of the date of filing of the proof of service.

**IT IS SO ORDERED.**

Dated:  November 25, 2024

_____
BETH LABSON FREEMAN
United States District Judge